# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO SMITH, | CV F   04 6513 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY INJUNCTION (Docs. 10, 11.) |
| ALAMEIDA, et. al., | |
| Defendants. | |

Alonzo Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The instant action was filed on November 8, 2004.  On January 7, 2005, this Court issued Findings and Recommendations that the action be dismissed for failing to state a claim upon which relief could be granted.  The District Court adopted the Findings and Recommendations on February 18, 2005, and the case was dismissed.

On June 10, 2005, Plaintiff filed a Motion for Preliminary Injunctive Relief in the closed case.  In his Motion, Plaintiff challenges the evidence used to find him guilty of a Rules violation and forfeiture of credit.

The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to

1

1  the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune,</u>
2  <u>Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple</u>
3  <u>Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see</u> <u>also</u>
4  <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
5  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
6  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
7  demonstrate that there exists a significant threat of irreparable injury."  <u>Id</u>.  In the absence of a
8  significant showing of irreparability, the court need not reach the issue of likelihood of success
9  on the merits.  <u>Id</u>.

10  Because the federal court is a court of limited jurisdiction, as a threshold matter, the court
11  must have before it a case or controversy.  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a
12  case or controversy, the court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d
13  1159, 1162-1163 (9th Cir. 1972).   As noted above, the Court issued Findings and
14  Recommendations to terminate the action because the complaint did not state a claim for relief.
15  The District Court adopted the Findings and Recommendations and the action was dismissed.
16  Thus, the action is closed and the Motion must be denied.

17  In addition, the Court notes that the allegations raised in the Motion for Preliminary
18  Injunction are identical to those raised in the initial complaint and which the Court found did not
19  state a cognizable civil rights claim under Section 1983.  The Findings and Recommendations
20  informed Plaintiff that the appropriate mechanism to raise such a claim was by way of a habeas
21  corpus petition.

<u>RECOMMENDATION</u>

23  Accordingly, the Court RECOMMENDS that the Motion for Preliminary Injunction be
24  DENIED as the action is closed.

25  The Court HEREBY ORDERS that these Findings and Recommendations be submitted
26  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
27  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
28  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

1  a copy of these Findings and Recommendations, any party may file written Objections with the
2  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
4  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
5  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
6  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
7  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
8  (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   June 21, 2005**                        /s/ Sandra M. Snyder
    icido3                                        UNITED STATES MAGISTRATE JUDGE